## GEORGEFF v
## CLEVELAND UNION TERMINALS CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13106.   Decided June 29, 1933

Theodore W. Kearns, Snyder, Thompson, Ford, Seagraves & Roudebush, Cleveland, for plaintiff in error.

Brooks & Wickham, Cleveland; and Harry E. King, Cleveland, for defendant in error.

BLOSSER, PJ, MIDDLETON and MAUCK, JJ, (4th Dist), sitting.

**OPINION**

By MAUCK, J.

The record consists of special findings of fact and law made in the trial court. Among the findings of fact are that the terminal company by appropriation proceedings acquired a fee simple title to the lands in question. The sole question, outside of a relatively unimportant question of procedure, is whether the terminal company could by appropriation proceedings acquire a fee simple title under the laws of Ohio. The plaintiff in error challenges the power of the appropriator to take such title and plants his case on **Platt v Penna Company, 43 Oh St 229**, and **Platt v Pennsylvania Co., 47 Oh St 366**. The Supreme Court has said in **Garlick v Railway Co., 47 Oh St 223**, that the doctrine of the Platt cases is not to be extended beyond the peculiar facts of those cases. We do not deem it necessary for us to point out the manifest distinctions in both fact and law between the Platt cases and the case at bar.

Under the earlier laws of the state appropriated rights of way for railroad purposes were either easements or conditional fees. Garlick v Railway Co., supra. Whether a right of way for a railroad company acquired by condemnation proceedings is still so limited we need not now determine as the appropriator in this case was not a railroad company and the appropriation was not for a right of way. The extent of the estate to be taken by private corporations generally in appropriation proceedings was obscure until the act of 1891 (88 O. L. 555). It was at that time provided by what was then §6415 GC, now §11039 GC, that the subject matter of appropriation might be either the property itself, an easement thereon or a right therein, and by §11042 GC it is now provided that the petition shall indicate the property, interest or right sought to be appropriated. Bridge companies have the identical powers of appropriation that the terminal company had in this case. That bridge companies may appropriate an estate in fee simple was definitely decided in **Covington & Cinn. Bridge Co. v Magruder, 62 Oh St 455**. A special finding of fact was to the effect that the terminal company acquired a fee simple title and as the law permitted it to acquire such title we necessarily find that it had such title.

The question of procedure referred to was that if the plaintiff had any rights to vindicate it had an adequate remedy at law. That question was determined by the trial court in favor of plaintiff by the special finding that "plaintiff has no adequate remedy at law in the premises."

There is no error in the record. The judgment is affirmed.

Judgment affirmed.